JOHN KASCSAK, Respondent, *v.* CENTRAL RAILROAD COMPANY OF NEW JERSEY, Appellant.

**Negligence — railroads — master and servant — when injured employee of railroad company bases his action on failure of company to make and enforce certain rules, he must show that such rules would, within reasonable expectation, have prevented the accident by which he was injured.**

1. Where it is claimed in an action for negligence that the defendant should have made and enforced certain rules applicable to the situation plaintiff is bound to show that such rules would, within reasonable expectation, have prevented the accident, and in case of failure so to do he cannot recover.

2. A rule requiring a yard brakeman to have a car which was being "kicked" from a train under such control that it could be

stopped if necessary so as to avoid injuring a person working upon the track, would make impossible the operation which it sought to regulate and hence would be impracticable.

*Kascsak* v. *Central R. R. Co.*, 145 App. Div. 936, reversed.

(Argued December 9, 1912; decided January 14, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 14, 1911, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert Thorne* and *Ethelbert I. Low* for appellant. No negligence whatever on the part of the defendant was shown. (*Corcoran* v. *N. Y., N. H. & H. R. R. Co.*, 77 App. Div. 505; *Berrigan* v. *N. Y., L. E. & W. R. R. Co.*, 131 N. Y. 582; *Morgan* v. *H. R. O. & I. Co.*, 133 N. Y. 666; *Larow* v. *N. Y., L. E. & W. R. R. Co.*, 61 Hun, 11; *Ely* v. *N. Y. C. & H. R. R. R. Co.*, 88 Hun, 323; *Wolfinger* v. *B. H. R. R. R. Co.*, 121 App. Div. 140; *Pearsall* v. *H. R. R. Co.*, 189 N. Y. 474; *Kudik* v. *L. V. R. R. Co.*, 78 Hun, 492.) The failure to adopt and enforce rules was not the proximate cause of the accident. (*Corcoran* v. *N. Y., N. H. & H. R. R. Co.*, 77 App. Div. 505; *Kascsak* v. *C. R. R. Co.*, 135 App. Div. 721.)

*Isidor Wels, Frank Moss* and *Frank R. Pentlarge* for respondent. The defendant in failing to promulgate and enforce rules or prescribed practices was negligent towards the plaintiff and persons similarly situated. (*Hickok* v. *Auburn, etc., R. R. Co.*, 200 N. Y. 464; *McCoy* v. *N. Y. C. & H. R. R. R. Co.*, 185 N. Y. 276; *Lane* v. *N. Y. C. & H. R. R. R. Co.*, 109 App. Div. 66; 3 Elliot on Railroads, § 1315; *P., etc., R. R. Co.* v. *McGrath*, 115 Ill. 172; *Eastwood* v. *Retsof*, 86 Hun, 91; 152 N. Y. 651; *Devoe* v. *N. Y. C. & H. R. R. R. Co.*, 174 N. Y. 1; *Ford* v. *L. S. & M. S. R. R. Co.*, 124 N. Y.

493; 2 Brickwood's Sackett on Instructions to Juries, § 1381; *Poliaski* v. *Pittsburgh, etc., R. R. Co.,* 14 L. R. A. [N. S.] 952; 114 N. W. Rep. 437; *Daly* v. *Brown,* 45 App. Div. 428; 167 N. Y. 381.) The defendant's negligence was the proximate cause of the injury to the plaintiff. (*Hickok* v. *Auburn, etc., R. R. Co.,* 200 N. Y. 464; *Lane* v. *N. Y. C. & H. R. R. R. Co.,* 109 App. Div. 66.)

COLLIN, J. The action is at common law by an employee against employer to recover damages for personal injury. The plaintiff was struck by a car of the defendant which was moving along the track upon which the plaintiff was working. There was no defect in the track or car or its appliances. The negligence of the defendant, under the charge of the court and the verdict. consisted solely in its neglect to have promulgated rules requiring the section foreman to give warning to the plaintiff of the approach of cars in that yard while the plaintiff was engaged in that character of work, and the yard brakeman to look out for the safety of the plaintiff on the track.

The circumstances attending the accident were: The defendant at about eight o'clock in the forenoon of March 31, 1903, in its customary method of operating, had moved a train of loaded coal cars from its coal mine to the west through a distance of a mile or thereabouts until it reached a part of the track from which diverged at narrow intervals of space six sidings upon which the cars were shunted or " kicked " singly from the train for the purpose of assortment and being made into trains for transportation. A brakeman mounted and rode upon each shunted car, stopped it at its destination, and dismounting ran back to mount another unattended car approaching him upon a siding. A car so attended approached, at the speed of six or eight miles an hour, a part of a siding from which the plaintiff and five others

were with shovels removing the coal which had fallen from the cars. They, excepting the plaintiff, were strung along the track at intervals of two or three steps. The plaintiff was farthest to the east, and so the farthest from the car approaching from the west. He was ninety feet or thereabouts east of the man nearest him. He was faced east. When the car was a short distance from the workman nearest it the brakeman upon it whistled and halloed for the men to get off the track. The car was also seen by one of the men working on the track. Each of the first five men left the track and halloed a warning to those remaining on it. When the plaintiff did not heed the warnings, they all continued halloing to him, and the brakeman halloed to him until the car struck him. When the brakeman, who was expecting him to get out of the way at any time, saw he was not going to get off or out of the way, he endeavored to stop the car by applying the brake. He failed, and the car struck the plaintiff. The plaintiff testified that he did not hear the halloing because of the noise made by a freight train which was passing upon the next track. The plaintiff had been working in this yard for more than one year just prior to the accident, and was familiar with and understood the purpose of the halloings of his fellow-workmen.

The yard in question was a mile or more in length, and through it ran the six sidings and two main tracks. Within it the six men worked, doing all kinds of work, picking up coal, and some other kinds of work, whatever was necessary. At times they did not work on the same track or together, but on different tracks, and were scattered in different parts of the yard, sometimes as much as a mile apart. They were under the control of a foreman, but he was not with them at the time of the accident, having given them instructions the evening before. Through the greater part of the time, while they were working, he was not with them, and they knew they had

to be careful in his absence and watch for and keep out of the way of the cars.

We do not consider whether the absence of the rules, proven by the plaintiff to have been in use by other railroad corporations, was any evidence of negligence on the part of the defendant. We think there was no evidence upon which the jury could justly find that the protection was not given the plaintiff in fact, which the plaintiff asserts should have been given by rule.

Several witnesses who were connected with other railroad corporations were called by the plaintiff to show that those corporations made and enforced rules applicable to the situation here. The trial court in charging the jury brought those rules to their consideration. They were of the general precautionary nature that foremen should remain with their men and be watchful at all times to protect them from injury, and that yard brakemen should use all necessary precautions for their own safety and that of other employees connected in any way with yard service. The plaintiff was bound to show that the rules, which he asserts the defendant should have enforced and did not, would within reasonable expectation have prevented the accident. Otherwise, the failure to promulgate them was wholly negligible and would not justify the submission of the case to the jury. The plaintiff's counsel asserts that the rule relating to the foreman would have secured his presence with the men and a position with reference to them all so that he would have noticed the approach of the noisy freight train towards the plaintiff, as well as the approach of the coal car from the other direction. This is to assume the unproven fact that the duties of the foreman, with which the rule would harmonize, did not require him to be away from the men and that his separation from them, as proven, was causeless and negligent. This impermissible assumption is, however, valueless to the plaintiff because each of the five fellow-workmen and the brakeman saw and warned the

plaintiff of the approaching car. There is no proof and it does not appear directly or inferentially that the foreman would have been so placed or had such ability, through or because of the rule, that he would or could have used any precaution or means to prevent the accident which was not used by those present. The efforts of the men to cause the plaintiff to leave the track were natural, reasonable and calculated to accomplish that result. The jury could not have been allowed, through speculation or conjecture, to find that the foreman would have made other efforts or been more successful through those which were identical.

The plaintiff's counsel asserts, in addition, that the rule relating to yard brakemen would have required the brakeman to have the car under such control that it could have been stopped if necessary to avoid injuring the plaintiff when he did not leave the track. This enforcement of the rule would make impossible the operation which the rule was intended to make safe. Each car must be given and allowed to retain a momentum which will enable it to reach its destination or the "kicking" or shunting of it is useless; and obviously the momentum must frequently be such that the car cannot be stopped by the brake within a few feet. The brakeman did all that the rule would have required of him.

There is no proof and it does not appear that the rules submitted to the jury, had they existed and been enforced, would have prevented the accident to the plaintiff.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT and CHASE, JJ., concur; HISCOCK, J., dissents.

Judgment reversed, etc.